IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AARON FREDERICK LEMON | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-14-2052 |
| GOVERNOR MARTIN O'MALLEY, et al.[1] | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM

The above captioned case was transferred to this court from United States District Court for the District of Columbia on June 26, 2014.  ECF 3 and 4.  Because the complaint fails to state a claim upon which relief may be granted, it must be dismissed.

Aaron Lemon, the self-represented plaintiff, filed a forty-page complaint describing his disgruntlement with government, including with the Maryland legislative process in passing laws that plaintiff regards as unconstitutional.  Many paragraphs purporting to contain factual allegations end with the phrase, "I believe that there is no evidence to the contrary! We've been in Commerce this whole time, have we not (27 CFR 72.11)?"  The asserted allegations are difficult to decipher, but seem to espouse the same rhetoric used by various anti-government groups such as the Moorish Americans, Sovereign Citizens, and the Flesh and Blood movement.  ECF 1.

---

[1] In addition to Governor O'Malley, plaintiff names the following officials as defendants: Attorney General Douglas Gansler; Detective David Brust; Superintendent Terry Kokolis; Baltimore City State's Attorney Gregg L. Bernstein;, Amy E. Donze; Mee Soon Langohr; Retired Judge Ronald A. Karasic; Judge Jeannie Hong; Retired Judge Gale E. Raisin; Baltimore Circuit Court Clerk Frank M. Conway; Judge Michelle D. Jaklitsch; Judge Paul A. Hackner; Judge William C. Mulford, II; Michael R. Cogan, Esquire; Senate President Thomas V. Miller; Executive Director Joseph J. DiPrimio; Officer Brendan Foard; Warden Ricky Foxwell; Matthew Garcia, Esquire; Director Karen S. Butler; Walter F. Closson, Esquire; Judge Lenore R. Gelfman; Judge Louis A. Becker, III; Master Mary M. Kramer, and (former) Chief Judge Ben C. Clyburn.

This court is not obliged to ferret through a complaint, searching for viable claims. The instant complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be," and imposes a burden on the court to sort out the factual basis of any claims fairly raised, making dismissal under Rule 8 appropriate. *Holsey v. Collins*, 90 F.R.D. 122 (D.Md.1981); *see also Spencer v. Hedges,* 838 F.2d 1210 (Table) (4th Cir. 1988). To comply with the rule, a plaintiff must provide enough detail to illuminate the nature of the claim and allow defendants to respond. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although district courts have a duty to construe liberally the pleadings of self-represented litigants, plaintiff must nevertheless allege facts that state a cause of action. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (duty to construe liberally does not require courts to conjure up questions never squarely presented).

The instant complaint does not comply with the requirements of Fed. R. Civ. Proc. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," or Rule 8(e)(1), which requires that each averment of a pleading be "simple, concise, and direct." A pleading must give the court and defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swirkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988).

Here, the complaint is not a "short and plain statement," nor is it "concise and direct." Rather, the convoluted narratives and legal conclusions render it incomprehensible. As such, it does not provide this court or any potential defendants "fair notice" of the claims and facts upon which they are based. Thus, the complaint must be dismissed, pursuant to a separate Order

which follows.


July 14, 2014_____  /s/_____
Date  Ellen L. Hollander
 United States District Judge.